UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

V.                                                        **AFFIDAVIT**

JEREMY VERNELL COWAN                                                                                          DEFENDANT

\*   \*   \*   \*   \*

I, James Freeman, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since December 29, 2013. I am currently assigned to the ATF Field Office in Lexington, Kentucky. I am authorized by law to investigate violations of federal firearms and narcotics statutes and to execute arrest warrants and criminal complaints.

2. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF Special Agent Basic Training Program. I have received extensive training in firearms identification, narcotics investigations, controlled purchases, surveillance techniques, and the preparation of affidavits and criminal complaints.

3. I have completed ATF's Firearms Interstate Nexus Course and am familiar with determining the place of manufacture of firearms and ammunition and whether such items have traveled in interstate commerce.

4. This criminal complaint is based on my personal knowledge, my participation in this investigation, information provided by other law enforcement officers, confidential informants, cooperating witnesses, official reports, laboratory analyses, and my training and experience. This complaint is intended to establish probable cause only and does not include all facts known to me regarding this investigation.

## DEFENDANT

5. The defendant is JEREMY VERNELL COWAN, a Black male, date of birth May 30, 1991, also known by the nickname "Mo."

6. At all times relevant to this complaint, Cowan resided at or utilized the apartment located at 2111 Lansill Road, Apartment M130, Lexington, Kentucky 40504.

## JURISDICTION AND VENUE

7. The offenses charged in this complaint occurred in the Eastern District of Kentucky. Therefore, this Court has jurisdiction over this matter.

## SUMMARY OF INVESTIGATION

8. This investigation was initiated after ATF and the Kentucky State Police (KSP) received information that Cowan was distributing controlled substances and selling firearms in Lexington, Kentucky.

9. During the course of this investigation, law enforcement conducted multiple controlled purchases of controlled substances from Cowan, several of which also involved the sale

or attempted sale of firearms. Multiple controlled purchases occurred inside Cowan's apartment at 2111 Lansill Road, Apartment M130, Lexington, Kentucky.

### CONTROLLED PURCHASE – DECEMBER 17, 2025

10. On December 17, 2025, ATF Special Agents and KSP Drug Enforcement Special Investigations detectives conducted a controlled purchase of controlled substances and a firearm from Cowan utilizing an ATF confidential informant.

11. The confidential informant arranged the transaction using Cowan's telephone number, 513-787-9486. Cowan directed the confidential informant to his apartment located at 2111 Lansill Road, Apartment M130, Lexington, Kentucky.

12. Prior to the purchase, the confidential informant was searched and provided with official buy money and electronic surveillance equipment.

13. Inside the apartment, Cowan exchanged approximately $800.00 in official buy money for approximately four ounces of suspected methamphetamine. Cowan also exchanged approximately $300.00 in official buy money for a Jimenez Arms pistol, Model J.A. 25, caliber .25 Auto, serial number 276734.

14. Cowan additionally provided the confidential informant with two bindles of suspected fentanyl wrapped in paper towels.

15. The firearm sold by Cowan was loaded with ammunition at the time it was recovered by law enforcement.

16. Subsequent laboratory analysis confirmed the substance purchased during this transaction contained methamphetamine hydrochloride with a net weight of approximately 113.49 grams.

### CONTROLLED PURCHASE – DECEMBER 30, 2025

17. On December 30, 2025, ATF Special Agents and KSP detectives conducted a controlled purchase utilizing the same confidential informant.

18. The confidential informant arranged to purchase one ounce of suspected fentanyl and a firearm from Cowan using Cowan's telephone number, 513-787-9486. Cowan again directed the confidential informant to his apartment at 2111 Lansill Road, Apartment M130.

19. Inside the apartment, Cowan exchanged official buy money for one ounce of suspected fentanyl, approximately eight grams of marijuana, and a Ruger 10/22 firearm.

20. The confidential informant observed additional suspected marijuana inside the apartment, estimated to be two to three pounds.

21. The Ruger firearm sold by Cowan had been modified into a weapon made from a rifle, with a barrel length and overall length regulated under the National Firearms Act. The firearm was loaded at the time of sale.

### CONTROLLED PURCHASE – JANUARY 12, 2026

22. On January 12, 2026, ATF Special Agents and Kentucky State Police Drug Enforcement Special Investigations detectives conducted a controlled purchase utilizing an ATF confidential informant.

23. The confidential informant arranged the transaction using Cowan's telephone number, 513-787-9486, the same number used during prior controlled purchases.

24. Prior to the purchase, the confidential informant was searched and found to possess no contraband. The confidential informant was provided with official buy money and electronic audio and video surveillance equipment.

25. Inside the apartment, Cowan exchanged approximately $1,620.00 in combined ATF and KSP official buy money for approximately six ounces of suspected methamphetamine. During the transaction, Cowan handled and packaged the suspected methamphetamine in the presence of the confidential informant. The transaction was captured on electronic audio and video surveillance.

26. Following the transaction, the confidential informant returned to a predetermined meeting location, where law enforcement recovered the suspected methamphetamine and the electronic surveillance equipment. The confidential informant was again searched and found to possess no contraband.

27. The suspected methamphetamine purchased during this transaction weighed approximately 178 grams and was logged into ATF evidence.

## FELON STATUS

28. Records checks revealed that Cowan has prior felony convictions, including convictions for Trafficking in a Controlled Substance in the First Degree in Fayette County, Kentucky.

29. As a result of these felony convictions, Cowan is prohibited from possessing firearms or ammunition under federal law.

## INTERSTATE COMMERCE

30. ATF conducted interstate nexus examinations on the firearms sold by Cowan during the controlled purchases.

31. The Jimenez Arms pistol was manufactured with a frame produced in California and assembled in Nevada.

32. The Ruger 10/22 firearm was manufactured in New Hampshire.

33. Because these firearms were possessed and sold by Cowan in Kentucky and were manufactured outside the Commonwealth of Kentucky, they necessarily traveled in interstate commerce.

## PROBABLE CAUSE

34. Based on the facts described above, there is probable cause to believe that Jeremy Vernell Cowan knowingly and intentionally distributed controlled substances, including methamphetamine and fentanyl, in violation of Title 21, United States Code, Section 841(a)(1).

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

35. I submit this criminal complaint and affidavit in support of the issuance of a federal arrest warrant for Jeremy Vernell Cowan pursuant to Rules 3 and 4 of the Federal Rules of Criminal Procedure.

36. Based on the facts set forth above, there is probable cause to believe that Jeremy Vernell Cowan committed the following federal offenses:

    a. Distribution of controlled substances, including methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1);

37. I respectfully request that the Court find probable cause and issue a warrant for the arrest of Jeremy Vernell Cowan.

Respectfully submitted,

/s/ James Freeman
_____
James Freeman
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the __14th__ day of _____January_____, 2026.

_____
UNITED STATES MAGISTRATE JUDGE